**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA BAHRENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Arlander Keys |
| vs. | ) | Magistrate Judge |
| | ) | |
| AT&T BROADBAND LLC, AT&T | ) | Case No. 04 C 6540 |
| CORPORATION, and COMCAST | ) | |
| CORPORATION, | ) | |
| Defendants. | ) | |

| | |
|---|---|
| COMCAST OF ILLINOIS/WEST | ) |
| VIRGINIA, L.L.C., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SCHOOL DISTRICT U-46 | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Third-Party Defendant's Motion
to Dismiss. Plaintiff, an independent contractor working on
behalf of the Comcast Corporation ("Comcast")[1], was injured while
filming a high school football game, at a field designed and
operated by School District U-46 (the "District"). Plaintiff
filed suit against Comcast, and Comcast subsequently filed a

---

[1] For purposes of this decision, "Comcast" collectively
refers to Comcast Corporation and Comcast of Illinois/West
Virginia, L.L.C.

third-party claim seeking contribution against the District. The District argues that Comcast's claims are barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq. (the "Tort Immunity Act"). For the reasons set forth below, the District's Motion is Denied.

## BACKGROUND FACTS

On October 11, 2002, Larkin High School played a football game against Waubonsie High School at Memorial Field, in Elgin, Illinois. Memorial Field was designed, and is owned and operated by the District. Working as Comcast's independent contractor, Plaintiff Laura Bahrenburg filmed that game from the field. Ms. Bahrenburg was standing near the end zone and in close proximity to the sidelines. During the game, a player collided with Ms. Bahrenburg; she fell to the ground and hit her head on the surface of an athletic track, located adjacent to the football field.

As a result of the collision, Ms. Bahrenburg suffered a brain injury. On October 8, 2004, Ms. Bahrenburg filed suit against Comcast, alleging that her injuries resulted from Comcast's failure to provide her with proper equipment, proper instructions and warnings regarding her equipment, and proper training, warnings, guidance, and supervision relating to her assignment.

2

Over one year later, on November 8, 2005, Comcast filed a Third-Party Complaint against the District for contribution. Comcast alleges that the District acted willfully and wantonly 1)in placing the football and track fields so close to one another; 2) in permitting Ms. Bahrenburg to stand near the end zone; and 3) in failing to warn Ms. Bahrenburg of the hazardous condition that the District had created, when it placed the track near the football field.

## STANDARDS

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Pelfresne v. Stephens*, 35 F.Supp. 2d 1064, 1069 (N.D. Ill. 1999)(citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). In ruling on a motion to dismiss, the Court construes the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the

3

essential elements of the cause of action. *Poole v. Bach*, No. 99
C 7624, 2000 WL 419991, at *1 (N.D. Ill. Apr. 14, 2000)(citing
*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

A federal court sitting in diversity applies the substantive
law of the state in which the suit was brought. *Orix Credit
App., Inc. v. Taylor Mach. Works, Inc.,* 125 F.3d 468, 478 n.4
(7th Cir. 1997). Neither party disputes that Illinois
substantive law and federal procedural law apply in this case.

## DISCUSSION

The District argues that Comcast's Third-Party Complaint is
barred by Section 3-109(a) of the Tort Immunity Act, which
provides that:

> Neither a local public entity nor a public employee is
> liable to any person who participates in a *hazardous
> recreational activity*, including any person who assists the
> participant, or to *any spectator* who knew or reasonably
> should have known that the hazardous recreational activity
> created a substantial risk of injury to himself or herself
> and was voluntarily in the place of risk, or having the
> ability to do so failed to leave, for any danger or injury
> to property or persons arising out of that hazardous
> recreational activity.

745 ILCS 10/3-109(a) (West 2006) (emphasis added). The District
contends that Ms. Bahrenburg's injury satisfies all of the
criteria of the Tort Immunity Act: Ms. Bahrenburg was a
spectator, and was injured while standing near the end zone at a
football game, which she should have known created a substantial
risk of injury. Notably, courts have recognized football as a
hazardous recreational activity under the Tort Immunity Act.

4

*See, e.g., McGurk v. Lincolnway Cmty Sch. Dist. No. 210,* 287 Ill. App.3d 1059, 679 N.E.2d 71, 73 (3d Dist. 1997).

Comcast counters that the protection afforded by Section 3-109(c) of the Tort Immunity Act does not extend to the District, if the District: 1) engaged in willful and wanton conduct that proximately caused the injury; or 2) failed to warn Ms. Bahrenburg of a dangerous condition of which it had actual or constructive notice, and of which Ms. Bahrenburg did not and could not reasonably be expected to have notice. 745 ILCS 10/3-109(C) (West 2006). Comcast argues that it has properly pled both exceptions.

The District acknowledges the existence of these exceptions to the Tort Immunity Act, but argues that neither applies to the case at bar. With regard to the "willful and wanton" exception, the District argues that the Illinois courts have repeatedly directed that "where there are no allegations that a public entity engaged in an intentional act or knew of other injuries caused by a purportedly dangerous condition, its conduct cannot be characterized as willful and wanton." District's Mot. to Dms. at 8; *citing, e.g., Bialek v. Moraine Valley Cmty Coll. Sch. Dist. No. 524,* 267 Ill. App. 3d 857, 642 N.E.2d 825(1st Dist. 1994). The District further argues that the Illinois appellate court's decision in *Ward v. Community Unit School District No. 220,* 614 N.E.2d 102, 243 Ill. App. 3d 968 (1st Dist. 1993)-

5

following a remand from the Illinois Supreme Court -- forecloses any possibility that the District could be found to have engaged in willful and wanton misconduct, merely for locating two athletic fields in close proximity to one another.

In *Ward*, a minor student brought an action alleging willful and wanton misconduct on the part of a school district, stemming from injuries he suffered as the result of a collision during a supervised sporting event, in which two adjacent football fields were in use simultaneously. The plaintiff, eight years old at the time of the accident, was seated in the end zone of one football field (the "plaintiff's field"), watching a flag football game being played as part of his physical education class. *Ward*, 614 N.E.2d at 104. At the same time, a middle school class was playing football on a field situated end to end with the plaintiff's field. A student from the middle school ran through his end zone in an effort to catch a pass, and collided with the plaintiff, fracturing his skull. *Id*. The plaintiff sued, alleging that the school district was guilty of willful and wanton misconduct when it designed the fields to be too close together. *Id*.

In reviewing the trial court's dismissal of this count of the plaintiff's complaint, the appellate court acknowledged that the question of whether misconduct is willful and wanton generally is reserved for the trier of fact. *Id*. at 107.

6

However, the court further stated that "the court may determine the issue if a determination that the alleged acts constitute willful and wanton misconduct cannot stand." *Id.* The court explained that "'[t]o support a cause of action for willful and wanton misconduct, plaintiffs **must allege facts** which if proven exhibit a deliberate intention to harm or an utter indifference or conscious disregard for [plaintiff']s safety.'" *Id.* at 108. (quoting *Gara v. Lomonaco,* 199 Ill. App. 3d 633, 639-40, 557 N.E.2d 483 (1990))(emphasis added.) Because the court concluded that the misconduct alleged in the plaintiff's complaint could not be found to be of a "degree necessary to state a cause of action for willful and wanton misconduct," the appellate court upheld the dismissal. *Id.*

This Court agrees that dismissal would be appropriate if Comcast's Third-Party Complaint were filed in Illinois state court, because Comcast clearly fails to allege facts demonstrating the requisite degree of intent and misconduct. The Court can hardly imagine the clandestine conduct that the District would have to have engaged in if it turns out that the willful and wanton exception applies. But federal notice pleading does not require Comcast to reveal that level of detail at this stage of the proceedings.

The District has cited numerous Illinois state court decisions purportedly demonstrating the weaknesses in Comcast's

Third-Party Complaint. But courts sitting in diversity apply state substantive law only; "matters of *procedure* - importantly including pleading- are governed by federal principles." *Ciampi v. CCC Information Serv. Inc.,* No. 05 C 7056, 2006 WL 681049, at *1 n. 1 (N.D. Ill. Mar. 10, 2006) (Judge Shadur rejecting an attempt to "engraft onto the federal regime of notice pleading a requirement of fact pleading, much as though this action were pending down the street in the Circuit Court of Cook County rather than in this District Court.") *See also, Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 926 (7th Cir. 2003) (even if the state had heightened pleading requirements for defamation claims, a plaintiff in a diversity action need only satisfy the notice pleading requirements of Rule 8). So, while Illinois state law imposes a heightened pleading standard upon plaintiffs alleging that a public entity acted willfully and wantonly, *see Spangenberg v. Verner,* 321 Ill. App.3d 429, 436, 747 N.E.2d 359, 364 (5th Dist. 2001) ("A complaint for willful and wanton misconduct must allege not only duty, breach, and proximate cause, but also that the defendant either intentionally injured the plaintiff or acted in reckless disregard for his safety."), federal law does not[2]. See Rule 8 Fed. R. Civ. P.

---

[2] The Court is puzzled as to why Comcast failed to highlight the importance of this distinction. Comcast's Response Brief mentions only in passing that the federal notice pleading standard applies.

Viewing Comcast's Third-Party Complaint under federal notice pleading's broad lens, the Court concludes that Comcast's bald allegation that the District's willful and wanton conduct gave rise to Plaintiff's injury is sufficient to survive the District's Motion to Dismiss. As Judge Easterbrook so succinctly explained in *Kolupa v. Roselle Park District,* 438 F.3d 713 (7th Cir. 2006), "[f]ederal complaints plead *claims* rather than facts. . . . It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate."

In *Kolupa*, Judge Easterbrook took the trial court to task for dismissing a religious discrimination complaint that failed to allege facts corresponding to each aspect of a prima facie case. *Id.* Judge Easterbrook warned that "'Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?'" *Id.* (quoting *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir. 2005)). The Seventh Circuit also rejected the appellee's argument that the plaintiff had pled too much, negating his ability to prove discrimination. *Id.* at 715. The Court explained that a "plaintiff only pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Id.*

In the instant case, Comcast has alleged that the District behaved willfully and wantonly. This allegation is sufficient – on a motion to dismiss -- to defeat the District's claim of immunity, because the Tort Immunity Act specifically excepts willful and wanton conduct from its scope of protection. Neither Rule 8 nor Rule 9 of the Federal Rules of Civil Procedure, which identifies special pleading matters, require anything more in this case. See Fed. R. Civ. P. 8, 9. Moreover, the District has not demonstrated, nor can this Court see, that Comcast has pled itself out of court; there appears to be no need for Comcast to deny any of its allegations to prevail on its claim against the District.

While Comcast may face a formidable task if it is to survive a motion for summary judgment, this Court cannot presume that Comcast's failure to plead facts demonstrating the requisite degree of misconduct is indicative of its inability to prove such misconduct. Therefore, the District's Motion is Denied.

**CONCLUSION**

The Federal Rules of Civil Procedure dictate the level of specificity required in Comcast's Third-Party Complaint. Rule 8(a) requires only a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). Because Comcast's allegations satisfy this liberal pleading standard, the District's Motion to Dismiss is Denied.

Dated: March 31, 2006

E N T E R E D:


ARLANDER KEYS
United States Magistrate Judge